# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| COOK PRODUCTIONS, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>THOMAS SWANICKE, et al.,<br>TECORA MILLER, et al.,<br>ANGELA WALKER, et al.,<br><br>    Defendants. | C16-1884 TSZ<br>C17-101 TSZ<br>C17-252 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on plaintiff's responses, docket no. 83 in C16-1884, docket no. 31 in C17-101, and docket no. 35 in C17-252, to "show cause" orders, as well as on plaintiff's motion for voluntary dismissal, docket no. 87 in C16-1884. Having reviewed plaintiff's show cause responses, defendant Shannon Reynolds's objections, docket no. 84 in C16-1884, plaintiff's reply, docket no. 85 in C16-1884, and plaintiff's motion for voluntary dismissal in C16-1884, to which no response was filed, the Court enters the following order.

**<u>Discussion</u>**

These three actions concern alleged infringement of plaintiff's copyright in the motion picture "Mr. Church," also known as "Cook" and "Henry Joseph Church." After

ORDER - 1

plaintiff initiated these lawsuits, the United States Court of Appeals for the Ninth Circuit issued its decision in <u>Cobbler Nevada, LLC v. Gonzales</u>, 901 F.3d 1142 (9th Cir. 2018). In <u>Cobbler</u>, the Ninth Circuit clarified that a copyright infringement claim based merely on a defendant's status as the subscriber of an Internet Protocol ("IP") address associated with infringing activity does not cross the threshold of plausibility required of pleadings in federal court. <u>Id.</u> at 1145-47. <u>Cobbler</u> mandates that plaintiff plead "something more" than the activity associated with an IP address to "create a reasonable inference that a subscriber is also an infringer." <u>Id.</u> at 1145. Plaintiff has not done so in these matters, and its copyright infringement claims must be dismissed.

Recognizing the futility of its claims, plaintiff has voluntarily dismissed its claims against defendants Samantha Wierzykai, Franklin Cobb, and Tyree Smith, who have been declared in default in C16-1884. <u>See</u> Notice (docket no. 86 in C16-1884). Plaintiff now seeks to dismiss without prejudice its claims in C16-1884 against defendants Thomas Swanicke, Shannon Reynolds, and Yoo Kyung Pak, who have filed answers, but no counterclaims. No response to plaintiff's motion was received from Swanicke, Reynolds, or Pak. In C17-101 and C17-252, all remaining defendants are in default, and plaintiff has not taken any steps to dismiss its claims or otherwise terminate those cases.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The defaults entered against various defendants in these matters, <u>see</u> Orders (docket nos. 58, 59, & 61 in C16-1884); Order (docket nos. 27 & 28 in C17-101); Orders (docket nos. 30, 31, 32, & 33 in C17-252), are VACATED;

ORDER - 2

(2) Plaintiff's unopposed motion for voluntary dismissal, docket no. 87 in C16-1884, is GRANTED;

(3) Plaintiff's Amended Complaints, docket no. 21 in C16-1884, docket no. 13 in C17-101, and docket no. 12 in C17-252, and these actions are DISMISSED without prejudice; and

(4) The Clerk is directed to CLOSE these three cases and to send a copy of this Order to all counsel of record and remaining pro se defendants.

IT IS SO ORDERED.

Dated this 12th day of September, 2019.

Thomas S. Zilly
United States District Judge